**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4935-16T1

KEVIN SABATINI,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted November 29, 2018 – Decided May 28, 2019

Before Judges O'Connor and DeAlmeida.

On appeal from the New Jersey State Parole Board.

Kevin Sabatini, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Kevin Sabatini appeals from the May 31, 2017 final agency decision of the New Jersey State Parole Board (Board) denying him parole and imposing a ninety-six-month future eligibility term (FET). We vacate the final decision and remand this matter to the Board for reconsideration of Sabatini's request for parole.

Sabatini is serving a life sentence with a mandatory-minimum term of twenty-five years for murder and related offenses to which he pleaded guilty in 1981. He became eligible for parole for the first time on October 16, 2015. Sabatini received an initial parole hearing on July 22, 2015, after which the hearing officer referred the matter to a Board panel for a further hearing.

On April 18, 2016, a two-member Board panel denied parole and referred the matter to a three-member Board panel to establish an FET outside of administrative guidelines. See N.J.A.C. 10A:71-3.21(d). The two-member panel amended its decision on June 30, 2016. On September 21, 2016, a three-member Board panel imposed a ninety-six-month FET. Sabatini appealed both panel decisions to the full Board. On May 31, 2017, the Board issued a written decision affirming both panel decisions.

This appeal followed. Appellant raised for the first time in his reply brief the argument that Samuel J. Plumeri, Jr., a member of the Board who

participated in reaching the May 31, 2017 decision, was an "arresting and investigating" detective for the crimes for which appellant was incarcerated. Appellant argued that Plumeri's participation in the Board's decision violated the Board's Code of Professional Conduct. It appears that appellant was unaware of Plumeri's participation in the Board's decision until the Board filed its merits brief and appendix, which included a voting sheet indicating Plumeri's vote in favor of the Board's final agency decision.

We ordered supplemental briefing, which revealed that Plumeri had been involved in the investigation of appellant's crimes some thirty-six years prior to the Board's hearing. Plumeri certified that he had no recollection of investigating appellant and that none of the police investigatory documents in the Board's possession at the time of the hearing regarding appellant's crimes contained Plumeri's name. Plumeri certified that had he recalled having been involved in the investigation of appellant's crimes, he would have recused himself from consideration of appellant's request for parole.

The Board acknowledges that its Code of Professional Conduct and its Recusal Policy dictate that Plumeri should have been recused from participating in consideration of appellant's request for parole. The Board requests that the matter be remanded for a new parole hearing by the full Board without Plumeri's

3

participation. Appellant has not objected to this request. Under the circumstances, a new hearing before the full Board without Plumeri's participation is warranted.

The final decision is vacated and the matter remanded to the Board for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4935-16T1